UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:13-cr-00395-GMN-GWF |
| vs. | **FINDINGS & RECOMMENDATIONS** |
| JASON ERIC JOHNSON and RICKY RICARDO PLAZOLA, | **RE: Motion to Dismiss (#41)** |
| Defendants. | |

This matter is before the Court on Defendant Jason Eric Johnson's Motion to Dismiss Indictment (#41), filed on June 9, 2014 and Co-Defendant Ricky Ricardo Plazola's Motion to Dismiss Indictment and Joinder to Defendant Johnson's Motion to Dismiss (#45), filed on June 11, 2014. Also before the Court is Defendant Ricky Ricardo Plazola's Joinder to Jason Eric Johnson's Reply to Government's Response to Motion to Dismiss Indictment (#51) filed June 26, 2014. The Court conducted a hearing in this matter on July 16, 2014.

**BACKGROUND**

The indictment in this case charges Defendants with conspiracy to distribute controlled substance analogues in violation of 21 U.S.C. § 846. The controlled substance analogues charged in the indictment are 1-(5-Fluoropentyl)-3-(2,2,3,3-Tetramethylcycolpropoyl) indole, (XLR-11) and (1) 1-(5-Fluoropentyl)-1 H-indole-3-carboxylic acid 8-quinolinyl ester (5F-PB-22). *See Indictment (#18)*. Defendants move for dismissal of the indictment on the grounds that the Controlled Substance Analogue Act, 21 U.S.C. § 813, and the term "controlled substance analogue," as defined in 21 U.S.C. § 802(32), are constitutionally void for vagueness. Defendants also argue that

the indictment should be dismissed because there are no published studies on the safety of PB-22 or 5F-PB-22 for human use.  This latter argument is based on a Drug Enforcement Administration ("DEA") publication which states:

> **Pharmacology:**
>
> Behavioral pharmacology studies show that JWH-018 has activity in animals similar to that of ∆9-THC, suggesting that it would have the same effects as ∆ 9-THC *in vivo.*  Based on structure-activity relationship studies, PB-22 and 5F-PB-22 are expected to have similar effects.
> There are no published studies on the safety of PB-22 or 5F-PB-22 for human use.

*Motion to Dismiss (#41), Exhibit 1.*

Defendants also assert the Court should conduct an evidentiary hearing to make a legal determination whether XLR-11 and 5F-PB-22 are prohibited controlled substance analogues within the meaning of 21 U.S.C. § 802(32).  The Government argues that the Act is not void for vagueness as applied to the Defendants.  It further argues that whether XLR-11 or 5F-PB-22 are controlled substance analogues are questions of fact for trial and are not properly determinable on a motion to dismiss an indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

## DISCUSSION

Rule 12(b)(2) of the Federal Rules of Criminal Procedure states that "[a] party may raise by pretrial motion any defense, objection, or request which the court can determine without a trial of the general issue.  Subsection (b)(3)(B) further states that "the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."  "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).  "[T]he court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.  The indictment either states an offense or it does not.  There is no reason to conduct an evidentiary hearing." *Id.*  The court in *Boren* further stated that "[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . The Court should not consider evidence not appearing on the face of the indictment." *Id.* (internal quotation marks and citations omitted).  "The 'unavailability of Rule 12 in

2

determination of general issues of guilt or innocense . . . helps ensure that the respective provinces of the judge and jury are respected. . . .' *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993)." *Id.*

Congress enacted the Controlled Substance Analogue Enforcement Act of 1986, 21 U.S.C. § 802(32) and 813 (the "Analogue Act"), "to prevent underground chemists from altering illegal drugs in order to create new drugs that are similar to their precursors in effect but are not subject to the restrictions imposed on controlled substances." *United States v. Klecker*, 348 F.3d 69, 70 (4th Cir. 2003), citing *United States v. Hodge*, 321 F.3d 429, 432 (3d Cir. 2003). In order to prove a violation of the Act under the definition set forth in 21 U.S.C. § 802(32), "the Government must prove (1) substantial *chemical* similarity between the alleged analogue and a controlled substance, *see* 21 U.S.C. § 802(32)(A)(i); (2) actual, intended or claimed *physiological* similarity (in other words, that the alleged analogue has effects similar to those of a controlled substance or that the defendant intended or represented that the substance would have such effects), *see id.* 802(32)(A)(ii), (iii); and (3) *intent* that the substance be consumed by humans, *see id.* § 813." *Klecker*, 348 F.3d at 71. The Seventh Circuit also requires that the Government prove that defendant knew the substance in question was a controlled substance analogue. *United States v. Turcotte*, 405 F.3d 515, 522-23, 527 (7th Cir. 2005).

The defendant in *Klecker* asserted that the Analogue Act was void for vagueness both on its face and as applied to him. The court rejected defendant's facial challenge on the ground that facial vagueness challenges to criminal statutes are allowed only when the statute implicates First Amendment rights. 348 F.3d at 71. *See also United States v. Carlson*, 87 F.3d 440, 443 (11th Cir. 1996), citing *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714 (1975); and *United States v. Stansell*, 847 F.2d 609, 616 n. 8 (9th Cir. 1988) (citing general rule). In regard to defendant's argument that the statute was impermissibly vague as applied to him, the court stated that "[t]he void-for-vagueness doctrine requires that penal statutes define crimes so that ordinary people can understand the conduct prohibited and so that arbitrary and discriminatory enforcement is not encouraged. *United States v. McLamb*, 985 F.2d 1284, 1291 (4th Cir. 1993). In evaluating whether a statute is vague, a court must consider both whether it provides notice to the public and

whether it adequately curtails arbitrary enforcement.  *See Kolender v. Lawson*, 461 U.S. 352, 357-58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (stating in the context of a facial challenge, that preventing arbitrary enforcement 'is the most important aspect of the vagueness doctrine')." 348 F.3d at 71.  *Klecker* held that § 813's requirement that the analogue substance be intended for human consumption defeated any vagueness challenge based on the potential for arbitrary enforcement.  *Id.*, citing *United States v. Carlson*, 87 F.3d 440, 444 (11th Cir. 1996).

*Klecker* stated that the question of whether the statute provides adequate notice is closer. The court noted that the requirement in § 802(32)(A)(i) that the chemical structure of the analogue substance be substantially similar to the chemical structure of a controlled substance is somewhat indeterminate.  The court stated, however, that "[n]otwithstanding this indeterminacy in § 802(32)(A), other courts of appeal have unanimously rejected vagueness challenges to Analogue Act prosecutions."  348 F.3d at 72, n. 3, citing *United States v. Orchard*, 332 F.3d 1133, 1137-38 (8th Cir. 2003); *United States v. Walsham*, 312 F.3d 926, 930-32 (8th Cir. 2002); *United States v. Fisher*, 289 F.3d 1329, 1333-39 (11th Cir. 2002), *cert denied,* 537 U.S. 1112, 123 S.Ct. 903 (2003); *United States v. Carlson*, 87 F.3d at 443-44; *United States v. McKinney*, 79 F.3d 105, 108 (8th Cir. 1996); *United States v. Hofstatter*, 8 F.3d 316, 321-22 (6th Cir. 1993) (per curium); and *United States v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990).  The Seventh Circuit in *United States v. Turcotte*, 405 F.3d at 531-32, also rejected the argument that the Analogue Act is unconstitutionally vague.

Although the Ninth Circuit has not addressed the issue, the district court in *United States v. Lane*, 2013 WL 3199841, *7 (D.Ariz. 2013) followed the foregoing decisions in rejecting a vagueness attack on the Analogue Act.  The defendants in that case argued that the Act is unconstitutionally vague because it does not define the terms "chemical structure," "substantially similar," or "human consumption," leaving ordinary people to guess whether the Act applies in a particular case.  In rejecting this argument, the court stated:

> Courts have found, however, that the relevant inquiry for purposes of the Analogue Act is how an ordinary person would interpret those terms, not how they might be technically defined.  The Eighth Circuit found in *McKinney* that a reasonable layperson could decide by comparing the chemical diagrams of two substances whether their

> structures were substantially similar for purposes of the Analogue Act. 79 F.3d at 108. The Fourth Circuit followed *McKinney's* reasoning in *Klecker*, 348 F.3d at 72, which found that, notwithstanding other important differences pointed out by the experts, the structural similarities between two substances represented by chemical diagrams were sufficient "to put a reasonable person on notice that Foxy might be regarded as a DET analogue." As the Fifth Circuit concluded in *Granberry*, 916 F.2d at 1010, the definition of a controlled substance analogue is stated "in terms readily comprehensible to the ordinary reader" and therefore "provides adequate notice of what conduct is prohibited."

The court held that this analysis also holds true for the term "human consumption" as that term would be understood by the ordinary person. *Lane*, at *8. Given the unanimity of the courts of appeal that have addressed the issue, this Court agrees with *Lane* that the Analogue Act is not unconstitutionally vague.

The district court in *Klecker* conducted a two day evidentiary hearing on defendant's motion to dismiss the indictment after which it concluded that the substance at issue was a controlled substance analogue. After the denial of his motion to dismiss, the defendant pled guilty, but reserved the right to appeal the denial of his motion to dismiss and the finding that the substance was a controlled substance analogue. On appeal, the Fourth Circuit noted "some uncertainty" as to whether the district court properly determined this matter on a motion to dismiss the indictment. The court stated that "[w]hether a particular substance qualifies as a controlled substance analogue is a question of fact. . . . We are not certain, however, that this factual question was properly in issue in the district court. . . . [W]e doubt that an indictment would be subject to dismissal on the grounds that one of its essential allegations is false. *Cf. Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956) (holding that defendant was not entitled to dismissal of the indictment based on inadequacy or incompetence of evidence presented to grand jury)." 348 F.3d at 72-73. The court avoided remand, however, by construing defendant's claim as a challenge to the adequacy of the factual basis underlying his guilty plea which was subject to appellate review for an abuse of discretion.

In *United States v. $2,200,000 in U.S. Currency*, 2014 WL 1248663 (D.Md. March 26, 2014), a civil forfeiture case, the court declined to consider on a motion to dismiss whether the underlying substance at issue was a controlled substance analogue. The court noted that another

civil forfeiture case, *United States v. Approximately $50,205.00 in U.S. Currency*, 2013 WL 3729573 (E.D.Wis. 2013), rejected the claimant's invitation to consider at the motion to dismiss stage evidence as to the chemical structure and similarity in physiological effect of two alleged analogues. After discussing the Eighth Circuit's reservations in *Klecker*, the court in *$2,200,000 in U.S. Currency* stated:

> Indeed, numerous courts have also concluded that whether a particular substance constitutes an analogue is a factual question to be decided by the factfinder. *See, e.g., United States v. Reece,* 2013 WL 5234227, at *4 (W.D.La. Sept. 13, 2013) ("Whether AM–2201 actually is a controlled substance analogue is a question of fact that must be assumed as true for purposes of this motion and left to the jury to determine at trial on the merits."); *United States v. Reece,* 2013 WL 3865067 (W.D.La. July 24, 2013) (concluding, in addressing four motions to dismiss brought by other defendants, that "the factual issue of whether AM–2201 is a controlled substance analogue cannot be resolved at this stage of the litigation."); *see also United States v. Bamberg,* 478 F.3d 934, 939 (8th Cir. 2007) ("the jury was required to find [that] 1, 4 BD is a controlled substance analogue"); *United States v. Brown,* 415 F.3d 1257, 1264 (11th Cir. 2005) ("In its role as factfinder, the district court concluded that the government had proven beyond a reasonable doubt that the chemical structure of 1,4–butanediol is substantially similar to that of GH B and, accordingly, 1,4–butanediol is a controlled substance analogue of GHB."); *United States v. Sullivan,* 2011 W L 3957425, at * 2, 3 (D.Neb. Aug. 17, 2011) ("Whether the chemical structures of these substances are 'substantially similar to the chemical structure' of a schedule I or II controlled substance is an issue of fact to be resolved at trial. Similarly, a jury must decide whether [the substances] have, or were represented by the defendant to have, a stimulant, depressant, or hallucinogenic effect on the central nervous system substantially similar to or greater than a schedule I or II controlled substance. Finally, based on the evidence at trial, the jury must decide if Sullivan intended to sell bath salts as drugs for human consumption.... The claims for dismissal raised by the defendant present issues of fact. The defendant's motion to dismiss should be denied."); *United States v. Lusk,* 2005 WL 2704988, at * 1 n. 1 (D.Alaska Oct. 5, 2005) ("[W]hether the chemical 1,4–Butanediol, if distributed, was in fact a controlled substance analogue as provided in 21 U.S.C. § 802 raises a factual issue for the fact finder at trial."); *United States v. Forbes,* 806 F.Supp. 232, 238 (D.Colo.1992) ("Of course, whether A ET is a controlled substance analogue would ultimately be a question for the trier of fact.").

2014 WL 1248663 at *10.

In another recent case, *United States v. Long*, 2014 WL 1661497 (D.S.D. April 25, 2014), the defendant moved to the dismiss the indictment on the grounds that XLR-11 (which is one of the alleged controlled substance analogues charged in this case) "cannot be, as a matter of law, a

controlled substance analog as the overwhelming weight of opinion in the scientific community is that the chemical structure of XLR-11 is not substantially similar to the chemical structure of JWH-018." *Id.*, at \*2. In rejecting this assertion as a proper basis for dismissal of the indictment, the court stated:

> Long's argument essentially is a challenge to the sufficiency of the evidence supporting the degree of similarity between the two substances' chemical structures. Whether a substance's chemical structure is sufficiently similar to the chemical structure of a controlled substance to be considered an analog is a question of fact to be decided by a jury. . . . (Citations omitted). To that end, a district court errs procedurally when it takes up a sufficiency of the evidence challenge prior to trial because "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29[.]"   (citation omitted).

*Long*, at \*2.

Based on these authorities, the Court rejects Defendants' assertion that the Court should conduct an evidentiary hearing on their motion to dismiss.

For similar reasons, the Court also rejects Defendants' argument that the absence of published studies on the safety of PB-22 or 5F-PB-22 for human use requires dismissal of the indictment. The Analogue Act does not require as an element of the offense that there be published studies regarding the safety of a substance for human use in order for it to qualify as a controlled substance analogue. § 802(32)(A) requires that the substance "(ii) [have] a stimulant, depressant or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; *or* (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the . . . effect on the central nervous system of a controlled substance in schedule I or II." (Emphasis added).  Whether a particular substance meets either prong of this statutory definition might be proven at trial by statements contained in learned treatises or published scientific articles, if such evidence satisfies the requirements of Fed.R.Evid. 803(18).  It might also be proven by qualified expert testimony pursuant to

Fed.R.Evid. 702. Under subsection (iii), it might also be proven by lay evidence that defendant intended or represented that the substance would have such an effect.

## CONCLUSION

The Court concludes that the Controlled Substance Analogue Act, 21 U.S.C. § 802(32) and § 813, is not void for vagueness as applied to the Defendants. The Act does not require published studies regarding the safety of a substance for human use in order for it to qualify as a controlled substance analogue. Whether the substances charged in the indictment are controlled substance analogues are issues of fact to be determined at trial, and not upon a pretrial motion to dismiss the indictment. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant Johnson's Motion to Dismiss Indictment (#41) and Defendant Plazola's Motion to Dismiss and Joinder in Defendant Johnson's Motion to Dismiss (#45) and Defendant Ricky Ricardo Plazola's Joinder to Jason Eric Johnson's Reply to Government's Response to Motion to Dismiss Indictment (#51) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 31st day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge