# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cr-00395-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| JASON ERIC JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation (ECF No. 59) entered by Magistrate Judge George W. Foley, Jr. on July 29, 2014, denying Defendant Jason Eric Johnson's ("Defendant's") Motion to Suppress (ECF No. 42).  Defendant filed his Objection (ECF No. 61) to the Report and Recommendation on August 8, 2014.

Also pending before the Court is the Report and Recommendation (ECF No. 60) entered by Judge Foley on July 31, 2014, denying Defendant's Motion to Dismiss Indictment (ECF No. 41).  Defendant filed his Objection (ECF No. 62) to this Report and Recommendation on August 11, 2014.  On August 19, 2014, the government filed its Response (ECF No. 63) to both Objections without any additional argument, "rel[ying] on the facts, law, and arguments in its prior pleadings."  Defendant then filed a Reply (ECF No. 66) on August 25, 2014.

**I.    BACKGROUND**

On October 29, 2013, an Indictment (ECF No. 18) was entered charging Defendant with conspiracy to distribute controlled substance analogs in violation of 21 U.S.C. § 846.  The controlled substance analogs charged in the Indictment are 1-(5-Fluoropentyl)-3-(2,2,3,3-Tetramethylcycolpoyl) indole, ("XLR-11") and (1) 1-(5-Fluoropentyl)-1 H-indole-3-carboxylic acid 8-quinolinyl ester ("5F-PB-22").  (Indictment, ECF No. 18).  These substances are alleged

by the government to be synthetic cannabinoids, alternatively referred to as "spice."

The Indictment issued following an investigation that involved surveillance, anonymous tips, and the execution of several search warrants during which evidence was discovered indicating that Defendant operated a spice lab and sold or delivered spice products to smoke shops in the Las Vegas area. (Report and Recommendation 1:23-6:23, ECF No. 59). One of the search warrants relied on an affidavit from an investigating officer stating that officers had inspected trash located on the curb in front of Defendant's residence and found handwritten notes documenting Defendant's spice business. (*Id.* 2:19-3:4).

In his Motion to Suppress, Defendant seeks a determination from this Court that the search of his trash was a violation of Defendant's Fourth Amendment rights and that all evidence seized as a result of this search are fruit of the poisonous tree that must be suppressed. (Mot. to Suppress 10:19-12:9, ECF No. 42). However, following an evidentiary hearing on the issue, Judge Foley found that the sidewalk and curb in front of a house did not fall within the scope of the curtilage of the house, and therefore, a trash container located on the sidewalk was not protected from search by the Fourth Amendment. (Report and Recommendation 10:11-11:22, ECF No. 59). In his motion, Defendant also seeks a finding that search warrants authorizing searches of a residence at 2325 Western Avenue and of a warehouse at 3665 Via Certaldo were not supported by probable cause. (Mot. to Suppress 8:3-10:18, ECF No. 42). Judge Foley, however, found that probable cause existed for these warrants and recommended denial of the motion. (Report and Recommendation 11:23-16:11, ECF No. 59).

In his Motion to Dismiss, Defendant seeks a dismissal of the Indictment because the Controlled Substance Analogue Act's use of the term "controlled substance analogue" as defined in 21 U.S.C. § 802(32) is constitutionally void for vagueness and because the substances listed in the Indictment do not fall under that definition. (Mot. to Dismiss 2:17-7:4, ECF No. 41). In his Report and Recommendation, Judge Foley rejected both of these

arguments and recommended denial of the motion. (Report and Recommendation 2:17-16:11, ECF No. 60).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. DISCUSSION

### 1. Motion to Suppress

Defendant asserts two objections to Judge Foley's Report and Recommendation denying his Motion to Suppress. (Objection, ECF No. 61). First, Defendant argues that Judge Foley erred in finding probable cause for issuing the search warrants on the Western Avenue residence and the Via Certaldo warehouse. (*Id.* 12:1-17:17). Second, Defendant argues that Judge Foley erred in finding that the warrantless search of Defendant's trash was constitutional. (*Id.* 17:18-19:20). Both objections, however, amount to little more than the reassertion of the same arguments presented in Defendant's Motion to Suppress.

Having reviewed the record in this case, the Court agrees with the analysis and findings of Judge Foley in his Report and Recommendation (ECF No. 59) denying the Motion to Suppress and incorporates them by reference in this order. Specifically, regarding the first objection, the Court finds that probable cause existed for the search warrant of the Western Avenue residence and Via Certaldo warehouse based on Defendant's evasive driving going to and coming from the warehouse, the chemical fruity odor emanating from the warehouse, the notes found in Defendant's trash outside the residence, and the contraband previously found in

another of Defendant's residences.  Regarding the second objection, the Court agrees that the public sidewalk and curb in front of a house do not reasonably fall within the scope of the curtilage, so Defendant had no legitimate expectation of privacy in garbage left for pickup on that sidewalk that would make searching that trash a violation of the Fourth Amendment. *See California v. Greenwood*, 486 U.S. 35, 40–41 (1988); *United States v. Bowman*, 215 F.3d 951, 963 (9th Cir. 2000).

Accordingly, the Court adopts the Report and Recommendation (ECF No. 59) and denies Defendant's Motion to Suppress.

**2. Motion to Dismiss**

Defendant also asserts two objections to Judge Foley's Report and Recommendation denying his Motion to Dismiss. (Objection, ECF No. 62).  First, Defendant argues that the substances listed in the Indictment cannot be controlled substance analogues because there are no published studies on the safety of those substances for human consumption, and Judge Foley therefore erred in finding that whether those substances fell under the Controlled Substance Analogue Act was a question of fact for the jury to decide. (*Id.* 5:1-17).  Second, Defendant argues that Judge Foley erred in finding that the controlled substance analogue provision is not void for vagueness because the statute fails to give Defendant notice that the substances at issue here fall under that provision. (*Id.* 6:1-11:23).

Regarding Defendant's first objection, the Court agrees with Judge Foley and numerous other courts who have addressed the issue that whether the substances listed in the Indictment qualify as controlled substance analogues are questions of fact for a jury to resolve. *See, e.g.*, *United States v. Klecker*, 348 F.3d 69, 72 (4th Cir. 2003) ("Whether a particular substance qualifies as a controlled substance analogue is a question of fact."); *United States v. $2,200,000 in U.S. Currency*, 2014 WL 1248663, at *10 (D. Md. March 26, 2014) ("[W]hether a particular substance constitutes an analogue is a factual question to be decided by the factfinder."); *United*

*States v. Reece*, 2013 WL 5234227, at *4 (W.D. La. Sept. 13, 2013) ("Whether AM–2201 actually is a controlled substance analogue is a question of fact that must be assumed as true for purposes of this motion and left to the jury to determine at trial on the merits."). The Controlled Substance Analogue Act does not require published studies regarding the safety of a substance for human consumption in order to qualify as a controlled substance analogue. Therefore, Defendant's challenge based on the absence of published studies regarding the substances at issue here is essentially a challenge to the weight of the evidence, which is a question to be resolved by the fact finder. *See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014) ("[C]hallenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge."). Therefore, Defendant's first objection is without merit.

Regarding Defendant's second objection, the Court finds that the term "controlled substance analogue" in the Controlled Substance Analogue Act is not void for vagueness. "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "A statute is void for vagueness when it does not sufficiently identify the conduct that is prohibited." *United States v. Wunsch*, 84 F.3d 1110, 1119 (9th Cir. 1995). Vagueness challenges like the one Defendant makes are evaluated in light of the facts of the particular case. *United States v. Mazurie*, 419 U.S. 544, 550 (1975). Therefore, the central issue of the objection is whether 21 U.S.C. § 803(32)(A) provided Defendant with sufficient notice that XLR-11 and 5F-PB-22 constituted controlled substance analogues that are illegal to manufacture and distribute under the statute. *See United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001).

Defendant's argument that the term "controlled substance analogue" is void for

vagueness when applied to XLR-11 and 5F-PB-22, like the argument in his first objection, rests entirely on the lack of published studies regarding the safety of those substances for human consumption. (Objection 7:15-16, 10:15-24, ECF No. 62).  First, however, the Court notes that the DEA created document relied on by Defendant for his argument only relates to the lack of studies for 5F-PB-22, (Ex. 1 to Objection, ECF No. 62), and the overwhelming majority of courts to address the issue have found that the controlled substance analogue provision is not void for vagueness when applied to XLR-11. *See, e.g.*, *United States v. Long*, 15 F.Supp.3d 936, 941–42 (D. S.D. 2014); *United States v. Fedida*, 942 F. Supp. 2d 1270, 1273 (M.D. Fla. 2013); *United States v. Hoyt*, No. 2:14CR00001, 2014 WL 5023093, at *5–6 (W.D. Va. Oct. 8, 2014); *United States v. Franklin*, No. 10-CR-S-MDH, 2014 WL 1953077, at *6–9 (W.D. Mo. May 15, 2014); *United States v. Makkar*, No. 13-CR-0205-CVE, 2014 WL 1385298, at *7–8 (N.D. Okla. Apr. 9, 2014). *But see The Smoke Shop, LLC v. United States*, 949 F. Supp. 2d 877, 879 (E.D. Wis. 2013) (finding in dicta that the DEA's decision to later schedule XLR-11 as a controlled substance suggests that it was not a controlled substance analogue).  Accordingly, although Defendant seeks dismissal of the entire Indictment, his argument for dismissal only applies to the allegations involving 5F-PB-22, and the Court finds that the controlled substance analogue provision is not void for vagueness in regards to XLR-11.

Second, the Court also notes that Defendant faces an uphill battle in arguing that the controlled substance analogue provision is void for vagueness because every circuit court to have addressed the issue—albeit regarding substances other than 5F-PB-22—has found that the provision was not unconstitutionally vague. *See United States v. Turcotte*, 405 F.3d 515, 531–32 (7th Cir. 2005) (citing cases in five other circuits); *see also Hoyt*, 2014 WL 5023093, at *5–6 (W.D. Va. Oct. 8, 2014) (rejecting a void for vagueness argument and finding 5F-PB-22 to be a controlled substance analogue).  However, the Ninth Circuit has not yet addressed the issue.

The Controlled Substance Analogue Act defines a "controlled substance analogue" as a

substance:

> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 803(32)(A).  Defendant asserts that because there are no published studies regarding the effects of 5F-PB-22 on humans, the controlled substance analogue definition fails to provide him with notice that the substance is "substantially similar" to a controlled substance and therefore falls under the definition of a "controlled substance analogue." (Objection 7:3-16, ECF No. 62).  However, as noted by the Eighth Circuit, though "the statute is somewhat elastic, because it is intended to capture within its scope drugs that are not specifically listed and even some that perhaps have not been discovered yet," such elasticity does not render the statute unconstitutionally vague. *United States v. McKinney*, 79 F.3d 105, 108 (8th Cir. 1996) *judgment vacated on other grounds*, 520 U.S. 1226 (1997).  The Court held that even if there is a lack of consensus among the scientific community regarding whether a substance was an analogue of a scheduled controlled substance, the structural similarities between two substances represented by chemical diagrams were sufficient to put a reasonable person on notice that the substances were substantially similar within the meaning of the statute. *Id.*; *see also United Klecker*, 348 F.3d at 72 (finding that "it is useful to compare chemical diagrams of the controlled substance and the alleged analogue" in determining whether the statute provides adequate notice that a substance is a closely related enough to qualify as an analogue).

Likewise, in this case, though there may be a dearth of published studies relating to the safety of 5F-PB-22 for human consumption, this lack of published findings does not *per se* render the statute unconstitutionally vague when applied to 5F-PB-22.  Moreover, the readily apparent similarities between the chemical structures of 5F-PB-22 and the scheduled substances JWH-018 and AM-2201, diagramed in the same document relied upon by Defendant in his Objection and illustrated below, are enough to put a reasonable person on notice that 5F-PB-22 and JWH-018 are substantially similar within the meaning of the statute.

PB-22: X=H
5F-PB-22: X=F

JWH-018: X=H
AM-2201: X=F

(Ex. 1 to Objection, ECF No. 62).  Accordingly, the Court adopts the Report and Recommendation (ECF No. 60) and denies Defendant's Motion to Dismiss.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Report and Recommendation (ECF No. 59) and Report and Recommendation (ECF No. 60) are **ACCEPTED and ADOPTED in full.** Defendant's Motion to Dismiss Indictment (ECF No. 41) and Motion to Suppress (ECF No. 42) are **DENIED**.

**DATED** this 19th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge